UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                          |   |                              |
|--------------------------|---|------------------------------|
| SEVERO FIGUEROA,         | ) |                              |
|                          | ) |                              |
|    Plaintiff, | ) |                          |
|                          | ) |                              |
| v.                       | ) | Civil Action No. 09-10943-DJC |
|                          | ) |                              |
| PETER ST. AMAND,         | ) |                              |
|                          | ) |                              |
|    Respondent. | ) |                         |

**MEMORANDUM & ORDER**

**CASPER, J.**                                                                June 26, 2012

**I.      Introduction**

Petitioner Severo Figueroa ("Figueroa"), an inmate at the Cedar Junction Massachusetts Correctional Institute ("Cedar Junction"), filed this writ of habeas corpus against the Respondent Peter St. Amand ("St. Amand"), the Superintendent of Cedar Junction. In support of his petition, Figueroa challenges his 2003 conviction for first degree murder on the grounds that the admission of the grand jury testimony of a witness, Javier Laboy ("Laboy") who testified at trial, but could not remember his grand jury testimony inculpating Figueroa,[1] violated his right of confrontation under

---

[1] Before a grand jury, Laboy testified that Figueroa told him on the night of the murder, "[g]ive me a ride out of town, I just shot somebody." Report and Recommendation ["R&R"], D. 24, at 3-4. Less than a year later, before trial, Laboy recanted his entire testimony stating that he was impaired by drugs on the night of the murder and gave someone else a ride. Commonwealth v. Figueroa, 451 Mass. 566, 573-74 (2008). During pre-trial voir dire, Laboy claimed that he was unable to recall if Figueroa said that he shot someone. Id. He invoked his Fifth Amendment right to remain silent and the judge granted him immunity. Id. at /573. Upon further questioning, Laboy remembered many details of the evening of the murder, but claimed

1

the Sixth Amendment; he received ineffective assistance of counsel since his trial counsel failed to move to revoke the order of immunity for that witness or otherwise object to his testimony when the trial court found that he was lying, all in violation of the Sixth Amendment; and the trial court's failure to inquire of the jury venire about the presumption of innocence violated his constitutional right to a fair trial. D. 1 at ¶ 12. St. Amand filed an answer (and then a supplemental answer) to the petition and a memorandum of law opposing the petition. D. 7, 15, 20. Figueroa filed a memorandum of law in support of the petition. D. 16. The matter having been fully briefed, the Court (Gorton, J.) referred the case to Magistrate Judge Bowler for report and recommendation. D. 21. This case was later transferred to this session (Casper, J.). D. 22. On November 8, 2011, Magistrate Judge Bowler issued her report and recommendation recommending that the petition for habeas corpus be dismissed. D. 24. Figueroa has filed objections to the Report and Recommendation. D. 25.

## II.    Discussion

A district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court, pursuant to

---

that he could not recall his grand jury testimony about Figueroa asking him for a ride out of town and admitting that he just shot someone. Id. at 573-74. The government moved to admit his grand jury testimony as substantive evidence and Figueroa objected on the grounds that the admission would violate his Sixth Amendment right to confront witnesses. Id. at 574. The trial court overruled the objection and allowed the government to introduce the grand jury testimony as substantive evidence at trial. Id. As part of the findings in support of this ruling, the trial court held that Laboy's "claimed lack of memory has been fabricated." R&R at 5. Laboy testified at trial, but continued to disavow any memory of the statement incriminating Figueroa and the Court allowed the government to introduce his prior grand jury testimony as substantive evidence. Figueroa, 451 Mass. at 574-75. After the introduction of the grand jury testimony at trial, Laboy was asked what he recalled of that testimony. Id. "He stated that he recalled only some parts of it, but it did not include the defendant's incriminating statements." Id. at 575.

28 U.S.C. § 636(b)(1), must make "a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which the parties have objected." Id.; see Fed. R. Civ. P. 72(b)(3). Accordingly, the Court, pursuant to 28 U.S.C. § 636(b)(1), has made a *de novo* determination of the specified proposed findings and recommendations to which Figueroa has objected and now addresses those objections. Figueroa raises three objections to the Report and Recommendation. First, he argues that the Report and Recommendation incorrectly ruled that the admission of Laboy's grand jury testimony did not rule afoul of his Sixth Amendment confrontation right and Crawford v. Washington, 541 U.S. 36 (2004) and its progeny. D. 25 at pp. 1-8. Second, he contests the recommended ruling that his Sixth Amendment right to counsel was not violated when his trial counsel failed to move to object to Laboy's trial testimony under a grant of immunity. D. 25 [Petitioner's Objections] at pp. 8-10. Third, Figueroa objects to the magistrate judge's conclusion that the factual record belies any evidence of his actual innocence. D. 25 at pp. 10-11. The Court shall address each of these objections in turn although the Court notes that Figueroa's objections reiterate arguments addressed and considered by Magistrate Judge Bowler (Compare D. 25 with R&R at 12-22; 26-27).

First, Figueroa argues that the Report and Recommendation erred in its conclusion that the admission of Laboy's grand jury testimony as substantive evidence at trial did not run afoul of his Sixth Amendment right to confront witnesses since, although Laboy testified at trial, he was effectively unavailable to be cross-examined. The magistrate judge concluded that "[t]he testimony Laboy gave at trial did not render his unavailable to be cross-examined." R&R at 13-14 (discussing Crawford, 541 U.S. at 61; Delaware v. Fensterer, 474 U.S. 15 (1985)). This Court agrees that Laboy's lack of memory (or lack of candor as to his lack of memory as the trial court found) did not

3

render him "unavailable" for Sixth Amendment confrontation purposes for the reasons that the magistrate judge articulated in the R&R, particularly in her discussion of United States v. Owens, 484 U.S. 554, 562 (1988). This interpretation and application of Owens has been followed courts in this Circuit and by other Circuits in considering Confrontation Clause claims. See United States v. Ghilarducci, 480 F.3d 542, 548-50 (7th Cir. 2007); see also Beltran v. Runnels, 409 Fed. Appx. 997 (9th Cir. 2011) (unpublished). For one example, in Gorman v. Merrill, No. 05-129-B-W, 2006 WL 3537167 (D. Me. Dec. 7, 2006), the court addressed a claimed violation of the petitioner's constitutional right to confront witnesses where his mother had testified before a grand jury that he had admitted killing the victim to her, but at trial could not recall this statement and the state was allowed to admit her grand jury testimony as substantive evidence despite her trial testimony that she had a "history of delusional behavior," was on psychiatric medications at the time of her phone conversation with her son and given the nature of her "tumultuous relationship with her son" had a pattern of saying hurtful things about him. Id. at *2-3. In consideration of the petitioner's § 2254 habeas petition, the district court rejected the argument that his mother "was effectively unavailable for cross-examination." Id. at *3. Citing the Supreme Court's holdings in Crawford, 541 U.S. 60 n. 9 and California v. Green, 399 U.S. 149, 157 (1970) (ruling that the admission of the witness' prior testimony at a hearing did not violate the confrontation clause of the Sixth Amendment, even where witness' lack of memory of such testimony seemed disingenuous, when the defendant had the opportunity to cross examine the witness at trial), the court ruled that "the Confrontation Clause was satisfied when [the petitioner] was given the opportunity to examine and cross-examine his mother before the jury regarding what she did and did not recall and the reasons for her failure of recollection. There was no Confrontation Clause violation in admission of the mother's grand jury

4

testimony." Id. at *6. The same was true here.

In this case, at trial "Laboy did not deny his testimony to the grand jury. . . . [h]e recalled events to which the statement related, . . . . Laboy also did not refuse to answer questions defense counsel posed to him, . . . nor was there any limitation placed on the cross-examination. Figueroa, 451 Mass. at 577. Accordingly, there was no violation of Figueroa's Sixth Amendment confrontation right when the trial court admitted Laboy's grand jury testimony and he was subject to cross-examination at trial.

Second, as to Figueroa's argument that his trial counsel was ineffective when he failed to move to revoke Laboy's grant of immunity or object to his testimony under a grant of such immunity, this Court agrees that any failure to do so did not constitute deficient performance. It is well settled that Figueroa would not have had standing to dispute the grant of immunity to Laboy. Figueroa, 451 Mass. at 578 and cases cited. As the Supreme Judicial Court has explained: "[t]his rule is supported by sound reasons. The privilege against self-incrimination is a personal right of the witness, and one that the witness is in a position to protect by his own means. . . . Moreover, the statutory procedure for a grant of immunity [under Mass. Gen. L. C. 233, § 20E] is designed to accommodate the witness's rights and the State's need for evidence. The statute is simply not addressed to the interests of defendants." Smith v. Commonwealth, 386 Mass. 345, 349 (1982) (internal citations omitted). Accordingly, the Court cannot conclude that trial's counsel failure to challenge the grant of immunity to Laboy, or his immunized trial testimony, constituted deficient performance and, therefore, need not reach the second prong of the Strickland v. Washington, 466 U.S. 668 (1984) test regarding whether such deficient performance prejudiced the defense.

Third, to overcome the procedural default as to his third claim–that the trial court failed to

5

inquire of the jury venire as to the presumption of innocence to which he did not object–Figueroa takes issue with the magistrate judge's factual finding that "the record completely belies the presence of actual innocence." R&R at 27. In support of this objection, Figueroa points to inconsistencies between the trial testimony of a eyewitness, Miguel Rodriguez, who was with the victim when he was shot, and his prior statement to police on the night of the shooting, particularly given the lack of physical evidence corroborating that testimony. D. 24 (Pet. Objs.) at 10-11; Figueroa, 451 Mass. at 567-68 (summarizing Rodriguez's testimony). However, the "assertion of actual innocence to excuse a procedural default does not permit a reviewing court to simply dive into defaulted questions of the sufficiency of evidence." Awon v. United States, 308 F.3d 133, 143 (1st Cir. 2002). This exception for claims otherwise waived or forfeited "is quite narrow and seldom used" and "is reserved for the extraordinary cases of 'fundamentally unjust incarceration.'" Id. (citation omitted). Upon *de novo* review, this Court cannot say that this is such an extraordinary case and agrees with the findings and conclusions in the Report and Recommendation regarding this matter.

### III. Conclusion

For the foregoing reasons, Figueroa's objections to the report and recommendation of Magistrate Judge Bowler are overruled and the report and recommendation is accepted by the Court. Accordingly, Figueroa's petition for habeas is DISMISSED.

**So ordered.**

/s/ Denise J. Casper
United States District Judge